IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| KAISER GROUP INTERNATIONAL, | : | Bankruptcy Case No. 00-2263-MFW |
| INC., | : | Adv. Proc. No. 01-928-MFW |
| | : | |
| Debtor. | : | (Jointly Administered) |
| | : | |
| KAISER GROUP INTERNATIONAL, | : | |
| INC., et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Misc. Case No. 07-124-JJF |
| | : | |
| MITTAL STEEL OSTRAVA, a.s., | : | |
| agent of Nova Hut, a.s., | : | |
| ARCELORMITTAL STEEL OSTRAVA | : | |
| a.s. (formerly known as Nova | : | |
| Hut, a.s.) and INTERNATIONAL | : | |
| FINANCE CORPORATION, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| KAISER GROUP INTERNATIONAL, | : | |
| INC., et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Misc. Case No. 07-125-JJF |
| | : | |
| MITTAL STEEL OSTRAVA, a.s., | : | |
| agent of Nova Hut, a.s., | : | |
| ARCELORMITTAL STEEL OSTRAVA | : | |
| a.s. (formerly known as Nova | : | |
| Hut, a.s.) and INTERNATIONAL | : | |
| FINANCE   CORPORATION, | : | |
| | : | |
| Defendants. | : | |
| | : | |

George E. Rahn, Jr., Esquire of SAUL EWING, LLP, Philadelphia, Pennsylvania.
Jonathan M. Landers, Esquire and Robert K. Dakis, Esquire of GIBSON, DUNN & CRUTCHER LLP, New York, New York.
Mark Minuti, Esquire of SAUL EWING, LLP, Wilmington, Delaware.

Attorneys for the Debtors and Debtors in Possession.

Warren E. Zirkle, Esquire of MCGUIRE WOODS LLP, McLean, Virginia.
Robert J. Stearns, Jr., Esquire and Lee E. Kaufman, Esquire of RICHARDS, LAYTON & FINGER, P.A., Wilmington, Delaware.

Attorneys for Defendants, International Finance Corporation.

Annapoorni R. Sankaran, Esquire of GREENBERG TRAURIG, LLP, Boston, Massachusetts.
Adam D. Cole, Esquire of GREENBERG TRAURIG, LLP, New York, New York.
Victoria Watson Counihan, Esquire and Dennis A. Meloro, Esquire of GREENBERG TRAURIG, LLP, Wilmington, Delaware.

Attorneys for Defendant AcelorMittal Steel Ostrava, a.s. (formerly Nova Hut, a.s.).

**MEMORANDUM OPINION**

January 29, 2009
Wilmington, Delaware.

Farnan, District Judge.

    Pending before the Court is a Motion In Support Of Appeal Or Granting Leave To Appeal Of Debtors' Motion For An Order Pursuant To Federal Rule Of Bankruptcy Procedure 2004, Or Alternatively A Bill Of Equitable Discovery, Directing Examination Of, And Production Of Documents By The International Finance Corporation, Nova Hut, And Related Parties (D.I. 1)[1] (the "Motion For Leave To Appeal") filed by the Debtors, Kaiser Group International, Inc. and its subsidiaries.  After filing this initial Motion, the Debtors then filed a Motion For Leave To Supplement The Record Or, Alternatively, To Remand The Case To The Bankruptcy Court For Reconsideration Based On Newly Discovered Evidence Pursuant To Rule 60(b)(2) (D.I. 8) (the "Motion For Leave To Supplement The Record Or Remand").  In addition, Defendants Mittal Steel Ostrava, a.s. and ArcelorMittal Steel Ostrava, a.s. (formerly Nova Hut, a.s.) ("Nova Hut") filed a Cross-Motion For Damages And Costs Pursuant To Federal Rule Of Bankruptcy Procedure 8020 (D.I. 9).  For the reasons discussed, the Court will deny each of the pending Motions.

---

    [1]    Docket Item numbers used in this decision relate to Misc. Act. No. 07-125-JJF.

1

I.   PARTIES' CONTENTIONS

   A.   <u>The Debtors' Motion For Leave To Appeal</u>

By their Motion For Leave To Appeal, the Debtors contend that they have been blocked by Nova Hut and the International Finance Corporation ("International Finance"), an arm of the World Bank, from taking discovery. The Debtors contend that Nova Hut waived any right to insist on arbitration and waived the benefits of the Court's stay by filing a summary judgment motion in the adversary proceeding claiming that Kaiser Netherlands, a non-debtor subsidiary of the Debtors, and the Debtors are in privity such than an arbitration award in favor of Nova Hut in the Kaiser Netherlands/Nova Hut arbitration has res judicata effect here. The Debtors argue that the Bankruptcy Court's Order is final both under the pragmatic approach to finality, as well as several exceptions to the final order rule. In the alternative, the Debtors contend that if the Bankruptcy Court's Discovery Order is interlocutory, the Court should grant leave to appeal using the criteria specified in 28 U.S.C. § 1292(b).

The Debtors' Motion For Leave To Appeal is opposed by both International Finance and Nova Hut. International Finance contends that the Debtors cannot seek discovery from it because proceedings against International Finance are currently stayed. International Finance also contends that the discovery order is not final, and in any event, the criteria for an interlocutory

2

appeal have not been satisfied.  Nova Hut echoes similar arguments.

      B.    <u>The Debtors' Motion For Leave To Supplement The Record Or Remand & Nova Hut's Cross-Motion For Damages And Costs</u>

After the filing of their Motion For Leave To Appeal, the Debtors filed a Motion requesting leave to supplement the record, or alternatively, remand this case to the Bankruptcy Court, in light of alleged newly discovered evidence concerning corruption at the World Bank and International Finance.  In this regard, the Debtors contend that they have conducted private investigations revealing that International Finance and Mittal Steel Ostrava, a.s. have had significant dealings over the years and that International Finance has favored Mittal Steel Ostrava, a.s. in business transactions.  The Debtors contend that this evidence is relevant to the allegations in their Third Amended Complaint, that International Finance interfered with the business relationships and opportunities between the Debtors and Nova Hut.  The Debtors contend that given their newly discovered evidence concerning International Finance's role in the affairs of Nova Hut, discovery into International Finance's involvement with the contractual relationship between Kaiser and Nova Hut, as well as any influence by International Finance on the proceedings and outcome of the Kaiser Netherlands/Nova Hut arbitration is warranted.  Thus, the Debtors seek to introduce this evidence in

3

the record here, or remand this matter to the Bankruptcy Court for it to reconsider its Discovery Order in light of this new evidence.

In response to the Debtors' Motion, International Finance contends that the alleged newly discovered evidence raised by the Debtors cannot be considered on appeal because it was not part of the Bankruptcy Court's record. International Finance also contends that Rule 60(b) is inapplicable here, because the Discovery Order forming the basis of the Motion For Leave To Appeal is not a final order, and Rule 60(b) only applies to final judgments and orders. In the alternative, International Finance contends that the Debtors cannot demonstrate that relief under Rule 60(b)(2) is warranted. Nova Hut raises similar arguments and has filed a Cross-Motion for damages and costs on the grounds that the Debtors' Motion For Leave To Supplement The Record Or Remand is a frivolous filing.

## II. DISCUSSION

The Debtors invoke Federal Rule of Civil Procedure 60(b)(2) to support the supplementation of the record in this action or a remand to the Bankruptcy Court for consideration of the alleged newly discovered evidence. As a threshold matter, Rule 60(b)(2) applies to final judgments. Penn West Associates, Inc. v. Cohen, 371 F.3d 118, 124 (3d Cir. 2004) (emphasizing that Rule 60(b) "applies only to 'final' judgments and orders") (citing Torres v.

4

Chater, 125 F.3d 166, 168 (3d Cir. 1997).  Moreover, the inquiry as to whether the Discovery Order is a final judgment is also relevant in determining whether the Debtors are entitled to an appeal as of right.  Accordingly, the Court will first determine whether the Bankruptcy Court's Discovery Order constitutes a final, appealable order.

Pursuant to 28 U.S.C. § 158(a)(1), the Court has jurisdiction to hear appeals "from final judgments, orders, and decrees" of the Bankruptcy Court.  In determining whether an order of the Bankruptcy Court is final, the Court is required to take a flexible, pragmatic approach.  See, e.g., In re Armstrong World Indus., Inc., 432 F.3d 507 (3d Cir. 2005).  Although no specific combination of factors is dispositive on the question of finality, the Court should consider, among other things: (1) whether the order leaves additional work to be done by the Bankruptcy Court, (2) whether the order implicates purely legal issues, (3) the impact of the Bankruptcy Court's order upon the assets of the debtor's estate, (4) the necessity for further fact-finding on remand to the Bankruptcy Court, (5) the preclusive effect of the District Court's decision on the merits of subsequent litigation; and (6) the furtherance of judicial economy.  Generally, pretrial discovery decisions are not considered to be final decisions subject to immediate appeal, even under this flexible approach to finality.  New York v.

5

United States Metals Refining Co., 771 F.2d 796, 799 (3d Cir. 1985).

The Debtors contend that the Discovery Order fits into an exception to this general rule.  Specifically, the Debtors contend that an appeal of a discovery order is permitted as of right where the court denying discovery is in a different federal circuit than the court where the main proceeding is pending.  The Debtors contend that the rationale behind this exception is applicable here because the arbitrations between the Debtors and International Finance and the Debtors and Nova Hut will take place in the International Court of Claims, and waiting to appeal the Discovery Order until after the arbitration proceedings are complete will result in piecemeal litigation.

In the Court's view, however, the cases cited by the Debtor are distinguishable from the circumstances here.  Particularly, the exception noted by the Debtors pertains to cases in which the only proceeding pending between the parties is the application for discovery, and the denial of discovery would not otherwise be reviewable by an appellate court reviewing a final decision in the main proceeding.  See, e.g., Cusumano v. Microsoft Corp., 162 F.3d 708, 712 (1st Cir. 1998); Barrick Group, Inc. v. Mosse, 849 F.2d 70, 72 (2d Cir. 1988).  In contrast, this case does not involve circumstances in which the order denying discovery stems from a different federal jurisdiction than where the main

proceeding is pending, and the underlying claims between the Debtors and Nova Hut and the Debtors and International Finance remain pending in the Bankruptcy Court. Further, the Court is not persuaded that this case presents a situation where the denial of discovery would be unreviewable after the final resolution of the underlying action. Accordingly, the Court concludes that the Debtors have not established the applicability of this exception to the general rule that discovery orders are interlocutory.

The Debtors also contend that orders denying discovery pursuant to Bankruptcy Rule 2004 are inherently final. However, the majority of courts have reached a contrary conclusion.[2] See, e.g., Matter of Vance, 165 F.3d 34 (7th Cir. 1998); Hoffenberg v. Cohen (In re Towers Fin. Corp.), 164 B.R. 719, 721 (S.D.N.Y. 1994); Countrywide Home Loans, Inc. v. Office of the U.S. Trustee, 2008 WL 2388285 *4 (W.D. Pa. June 11, 2008). Indeed, even in the case cited by the Debtors, the court ultimately concluded that the order appealed from was not interlocutory, even though it suggested such orders might be final in certain circumstances. In re Blinder Robinson & Co., Inc., 127 B.R. 267, 277 (D. Colo. 1991).

---

[2] That the Bankruptcy Court also denied the Debtors' request for an equitable bill of discovery does not alter the Court's conclusion regarding finality. Indeed, the Debtors cite no case law supporting such a proposition.

7

The Debtors also invoke the collateral order doctrine to support their position that the Bankruptcy Court's Discovery Order is immediately appealable. However, since the initial formulation of this doctrine in <u>Cohen v. Beneficial Indus. Corp.</u>, 337 U.S. 541, 546 (1949), the Third Circuit has limited the application of this doctrine to circumstances in which the information sought is either privileged or a trade secret. <u>See, e.g.</u>, <u>Bacher v. Allstate Ins. Co.</u>, 211 F.3d 52, 53, 57 (3d Cir. 2000). Because neither of these circumstances is implicated here, the Court concludes that the collateral order doctrine is inapplicable for purposes of establishing that the Discovery Order is appealable as of right. <u>Country-Wide Home Loans</u>, 2008 WL 2388285 at *5.

Alternatively, the Debtors contend that the Court should grant leave to appeal the Discovery Order under the criteria set forth in 28 U.S.C. 1292(b) for certification of interlocutory appeals in civil proceedings. Under Section 1292(b), a party moving for certification of an interlocutory appeal must demonstrate that: (1) the order from which the appeal is sought involves a controlling question of law, (2) there is substantial ground for difference of opinion with respect to that question, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. A court will only grant an interlocutory appeal if all three requirements are met. <u>Trotter</u>

8

v. Perdue Farms, Inc., 168 F. Supp. 2d 277, 287 (D. Del. 2001). The decision to certify an order for appeal under Section 1292(b) lies within the sound discretion of the court. Moreover, certification of an interlocutory appeal is granted sparingly and only in exceptional circumstances. Hulmes v. Honda Motor Co., 936 F. Supp. 195, 208 (D.N.J. 1996), aff'd 141 F.3d 1154 (3d Cir. 1998).

Applying these principles to the circumstances of this case, the Court declines to grant leave to appeal the Discovery Order. The Court is not persuaded that the Discovery Order implicates a controlling question of law in this action. Further, the Court is not persuaded that substantial grounds for difference of opinion exist in light of the fact that the parties have been unable to locate any case law suggesting that discovery should commence in an action that has been stayed pending arbitration.

Having concluded that the Discovery Order is not final and not appealable as of right or under the criteria for allowing interlocutory appeals, the Court will also deny the Debtors' Motion For Leave To Supplement Or Remand under Rule 60(b)(2). Penn West, 371 F.3d at 124. Accordingly, the Court will deny each of the Debtors' pending Motions. The Court will further deny Nova Hut's Motion For Damages and Costs as the Court cannot conclude that the Debtors' Motion To Supplement the record is wholly frivolous, notwithstanding the Debtors' failure to

9

identify the precise evidence it contends warrants consideration on remand.

### III. CONCLUSION

For the reasons discussed, the Court will deny the Debtors' Motion For Leave To Appeal and The Debtors' Motion To Supplement The Record Or Remand. In addition, the Court will deny Nova-Hut's Cross-Motion For Damages And Costs.

An appropriate Order will be entered.